## HANNAH ALLEY *versus* JOHN HUBBARD.

If the sole tenant in a writ of right die, his heir or devisee cannot be summoned in to defend the suit, under Revised Stat. c. 93, § 17, but the action abates.

WRIT of right. The tenant having deceased, the demand- ant moved that certain persons to whom the tenant had devised the demanded premises, might be summoned in to defend the suit.

*Cooke*, for the demandant, cited Revised Stat. c. 119, § 13; *June 29th.* c. 101, § 5; c. 93, § 19, 20, 24; c. 81, § 9.

*Atwood* (originally counsel for the tenant) cited Stearns on Real Actions, 199; *Thomas* v. *Smith*, 2 Mass. R. 479; Gould on Pleading, 264, 269; *St.* 1826, c. 70; Jackson on Real Actions, 24, 137; Revised Stat. c. 93, § 14, 15, 17, 20.

SHAW C. J. The single question in this case is, whether in *July 1st.* a writ of right, if a sole tenant die, the heir or devisee of the tenant can be summoned in to defend the suit. This depends upon the construction of the statute. Revised Stat. c. 93, § 17. The only provision applicable to such a case is, that when there are several tenants, in a real or mixed action, and one of them dies, the action may be prosecuted against the surviving tenants or tenant, for such part as they hold. So was the law before the revision of the statutes. *St.* 1826, c. 70, § 2. The proceedings provided for, in § 19 and 20, are ap- plicable exclusively to cases of partition, and are limited to such actions and petitions. We have had no occasion to con- sider whether any of these provisions respecting the admission and citing in of heirs, on the death of ancestors, extend to de- visees, and nothing herein contained, should be considered as affecting that question.

*Motion overruled, and the suit abated by the death of the tenant.*